[No. 10,948.    Department One.— September 18, 1884.]

# THE PEOPLE, RESPONDENT, *v.* WRIGHT LE ROY, APPELLANT.

CRIMINAL LAW — EVIDENCE — EXTORTED STATEMENTS — CONFESSION. — Statements not in themselves involving criminal intent, extorted from a person charged with a crime by means of threats or promises, are not to be rejected merely because they may, when connected with other facts, tend to establish his guilt.

ID. — WITNESS — REFRESHING MEMORY FROM MEMORANDA. — A witness called by the prosecution in a criminal case to prove statements made by the defendant, may refresh his memory from written memoranda made by him at the time of the statements.

ID. — SETTING ASIDE INFORMATION — SWEARING TO COMPLAINT. — A complaint charging a person with the commission of a crime, filed in the Police Court of the city and county of San Francisco, may be sworn to before a justice of the peace.

ID. — NAME OF DEFENDANT. — An information cannot be set aside because the defendant has been designated by different names. When his true name is discovered it may be inserted and continued in the subsequent proceedings.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*John D. Whaley,* for Appellant.

*Attorney-General Marshall,* for Respondent.

ROSS, J. — The defendant, who was convicted of the crime of murder in the first degree, and adjudged to suffer death, brings this appeal from the judgment, and from an order refusing him a new trial. The points he makes we have considered with

care, but find in them no valid reason to disturb the judgment. The point most relied on by counsel is that the court below erroneously admitted in evidence certain statements made by defendant to the witness Lees. It is claimed that those statements were not voluntarily made, but were extorted from defendant by means of threats and promises. It is true that defendant so testified at the trial, but the testimony on the part of the prosecution was to the effect that the statements were not induced by any threats or promises, but were made freely and voluntarily. However this may be, it is a sufficient answer to the point to say that the statements made by defendant, concerning which the witness for the prosecution was permitted to testify, did not constitute a "confession," admissible only after proof that it was made voluntarily. A confession is a person's declaration of his agency or participation in a crime. The term is restricted to acknowledgments of guilt. (*People* v. *Parton,* 49 Cal. 637; *People* v. *Strong,* 30 Cal. 157; 1 Greenl. § 170.) The statements of defendant given in evidence were not acknowledgments of his guilt; on the contrary, in his statements he all the time denied his guilt. The matters admitted by him, however, while not in themselves involving his guilt, did, when connected with other facts, tend to prove it. But proof of such admissions is competent. Said this court in *People* v. *Parton, supra:* "An admission of a fact, not in itself involving criminal intent, is not to be rejected as evidence (without the preliminary proof) merely because it may, when connected with other facts, tend to establish guilt."

There was no error in permitting the witness Lees, in testifying to the statments made by defendant, to refresh his memory from written memoranda made by him at the time the statements were made. (*People* v. *Cotta,* 49 Cal. 170.)

Nor did the court below err in denying defendant's motion to set aside the information. There are but two statutory grounds for a motion of that character. The first is, that before the filing of the information the defendant was not legally committed by a magistrate, and the second, that the information is not subscribed by the district attorney of the county. (Pen. Code, § 995.) The motion in the present case was made on the first of these grounds, and it is contended that it should have

been granted, because the complaint filed in the Police Court was sworn to before a justice of the peace, and not before the police judge of the city and county of San Francisco. There is nothing in the point. The justice of the peace was authorized by law to administer and certify to the oath of the complainant. (Pen. Code, §§ 806, 1426; Code Civ. Proc. §§ 177, 179.) The fact that in the information the defendant was designated by different names, was not a ground for setting aside the information. (§ 995, *supra.*) From the record it appears that when, on the 15th of September, 1883, defendant was arraigned, he answered that his true name was William Le Roy, but when, on the 1st of October, 1883, the case came up for trial, he answered that his true name was Wright Le Roy. The latter name was thereupon inserted and continued in the subsequent proceedings in accordance with the provision of section 953 of the Penal Code, which reads: "When a defendant is charged by a fictitious or erroneous name, and in any stage of the proceedings his true name is discovered, it must be inserted in the subsequent proceedings, referring to the fact of his being charged by the name mentioned in the indictment or information."

It is claimed for the appellant that there was an inconsistency in the charge of the court with respect to circumstantial evidence; but an attentive reading of the charge fails to disclose to us any such inconsistency. The jury was fairly and fully instructed on the point. There was ample evidence to justify the verdict.

Judgment and order affirmed.

McKINSTRY, J., and McKEE, J., concurred

Hearing in Bank denied.