[Crim. No. 250.   Department Two.—September 4, 1897.]

# THE  PEOPLE, Respondent, v. H. G. AMMERMAN, Appellant.

CRIMINAL LAW—ROBBERY—PLEAS—FORMER ACQUITTAL—JEOPARDY—PRIOR DEFECTIVE INFORMATION—OWNERSHIP OF PROPERTY—DISMISSAL—INSTRUCTION Where an information charging defendant with the crime of robbery omitted to state the ownership of the property taken from the person robbed, such omission rendered the information fatally defective and invalid, and where it was dismissed on that ground, upon motion of the district attorney, after the jury was sworn, and before any evidence was offered, there was no jeopardy or acquittal of the defendant; and where a plea of former acquittal and of once in jeopardy was interposed to a new information for the same offense, because of the dismissal of the prior information, the court may properly instruct the jury to find for the people upon such pleas.

ID.—DEFINITION OF ROBBERY—OWNERSHIP OF PROPERTY IN ANOTHER ESSENTIAL—CONSTRUCTION OF STATUTE—LEGISLATIVE INTENT—INFORMATION FOLLOWING WORDS OF STATUTE.—Although the statute defines robbery to be the felonious taking of personal property in the possession of another, and does not expressly provide, as in larceny, that it must be the personal property of another, yet the ownership of the property in some person other than the accused must be regarded as within the legislative intent denouncing the crime of robbery, and is deemed to be as essential in making out the crime as any other element of the offense expressed in the statute; and an information for robbery omitting to aver such ownership cannot be regarded as within the rule that an information is good because substantially following the language of the statute.

ID.—ASSAULT WITH INTENT TO COMMIT ROBBERY—OWNERSHIP OF PROPERTY. The ownership of the property in another person than the defendant is as requisite to the crime of assault with intent to commit robbery as it is to the crime of robbery.

ID.—FILING NEW INFORMATION WITHOUT ORDER OF COURT—CONSTRUCTION OF PENAL CODE.—It is not mandatory upon the court, under section 1117 of the Penal Code, to direct the district attorney to file a new informa-

tion, where the jury is discharged because the facts as charged do not constitute an offense; and the district attorney may file a new information, in such case, without an order of the court; nor is the prosecution barred, in such case, under section 1008 of the Penal Code, because the court did not direct a new information to be filed, that section being only applicable in the case of a demurrer sustained.

ID.—INSTRUCTIONS TO FIND FOR PEOPLE UPON PLEAS—QUESTION OF LAW—PROVINCE OF JURY.—Where the facts relied upon to support a plea of former acquittal and of once in jeopardy are the dismissal, after the impaneling of the jury, of a fatally defective information, on motion of the district attorney, by reason of its omission to allege the essential fact of ownership of the property, such omission being patent and not disputed, a question of law is raised as to its effect, of which the jury is not competent to judge; and an instruction, in such case, that the jury should find for the people upon the plea does not invade the province of the jury.

ID.—MODIFICATION OF INSTRUCTIONS—REASONABLE DOUBT—ARGUMENT OF COUNSEL.—An instruction upon the subject of reasonable doubt is properly modified by striking out a clause giving to the defendant the benefit of any doubt created by the argument of counsel.

ID.—BURDEN OF PROOF—MISLEADING CLAUSES.—An instruction as to the burden of proof is properly modified by striking out clauses calculated rather to confuse the minds of the jury than to aid them in solution of the evidence.

ID.—BELIEF OF JURORS AS MEN.—It is proper to strike out a clause of an instruction stating that the jurors "may believe as men that certain facts exist," but that, as jurors, they must act only upon evidence introduced.

ID.—ADMISSIONS—STATEMENTS OF DEFENDANT NOT INVOLVING CONFESSION—EXAMINATION BY DISTRICT ATTORNEY—PRELIMINARY PROOF.—Where the defendant made no confession, consisting of a declaration of his agency or participation in the crime charged, or acknowledgment of guilt, but, upon a private examination by the district attorney, after his arrest, and before his preliminary examination, stated that he had a quarrel with the person upon whom the robbery was committed, on the day of its commission, and that he had some money on the following day, which he denied having stolen, but stated that he found it in a sock after leaving that person, such statements of the defendant may be given in evidence without the preliminary proof of their voluntary character required in case of a confession.

ID.—TESTIMONY OF SHORTHAND REPORTER—USE OF NOTES TO REFRESH MEMORY.—A shorthand reporter who took down the statements of the defendant to the district attorney, in shorthand, may be permitted to read his transcription of the statements made, and has a right to refer to the notes to refresh his memory.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial. R. F. Crawford, Judge.

The facts are stated in the opinion.

Barham & Miller, and R. M. Swan, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

CHIPMAN, C.—Defendant was informed against for the crime of robbery by forcibly taking from the person of one Richard Johnson thirty-eight dollars, lawful money of the United States, and was convicted and sentenced to three years' imprisonment. Defendant pleaded former acquittal, once in jeopardy and not guilty.

An information against defendant for the crime of robbery involving the same transaction had previously been filed, and under it defendant was arraigned and pleaded not guilty; a jury was impaneled, the information was read and the plea stated. After the jury was sworn, and before any evidence was offered, upon motion of the district attorney the information was dismissed and the defendant discharged. The ground for the motion was that the information did not allege the ownership of the property stolen, which was in fact true.

1. The first point made by defendant is that the court erred in instructing the jury to find for the people upon the plea of former acquittal and once in jeopardy.

The information was substantially the same as was the indictment in *People v. Vice*, 21 Cal. 344. It was there said: "The indictment in this case is for the offense of robbery, but in the statement of facts constituting the offense there is a fatal defect. The statement contains no allegation as to the ownership of the property of which the party named was robbed, or that it did not belong to the defendant. It is not necessary that the property should belong to the party from whose possession it was forcibly taken. It is requisite, however, that it should belong to some other person than the defendant." The defendant there was tried and convicted, but the judgment was reversed. (Cited in *People v. Shuler*, 28 Cal. 490, and *People v. Anderson*, 80 Cal. 205.)

In *People v. Jones*, 53 Cal. 58, it was held that an indictment for robbery must aver every fact necessary to constitute larceny,

and more.    Section 484, Penal Code, defines larceny to be: "The
. . . . felonious . . . . taking . . . . the property of another."
As an allegation of ownership of the property in another person
than defendant is by the statute made essential in larceny, and
as to allege the crime of robbery there must be alleged every
fact constituting larceny, it follows that the information in the
case before us was fatally defective in that particular.    (*People
v. Crowley,* 100 Cal. 478; *People v. Hicks,* 66 Cal. 103.)

Jeopardy attaches where a party is once placed upon trial be-
fore a competent court and jury, upon a valid indictment, to
which he cannot be again subjected, unless the jury be discharged
from rendering a verdict by a legal necessity or by his consent,
or, in case a verdict is rendered, it be set aside at his instance.
(*People v. Webb,* 38 Cal. 467, and many subsequent cases.)    The
information here was not a valid information and there was no
jeopardy.

2. Defendant urges that the Penal Code, section 211, defines
robbery to be the felonious taking of personal property in the
possession of another person, but does not provide, as in larceny,
that it must be the personal property of another, and therefore
the information was good because substantially in the language
of the statute.    (Citing Pen. Code, sec. 959, and numerous cases
decided by this court.)    In one of these (*People v. Girr,* 53 Cal.
629) it was said, as has frequently been elsewhere stated, "that
an indictment is sufficient if it describe the offense charged in
the language of the statute"; but I do not understand that our
court intends to hold that where a fact must be stated in an
information in order to charge an offense, it may be omitted
from the information where the statute is silent as to that fact.
The ownership of the property in some person other than the
accused is deemed to be as essential in making out the crime
of robbery as any other element of the offense expressed in the
statute, and must be regarded as within the legislative intent in
denouncing the crime, and therefore it cannot be said that the
information here falls within the rule above stated.

3. Defendant further claims that if the first information did
not charge robbery it did charge assault with intent to commit
robbery, under section 295, Penal Code, and that    therefore
jeopardy attached.    It is sufficient answer to this point that the

omitted element requisite to the crime of robbery is also requisite
to the crime of assault to commit robbery.

4. Defendant makes the point that after the jury was discharg-
ed, and the first information dismissed and the prisoner discharg-
ed, the court did not direct a new information to be filed under
section 1117 of the Penal Code, and that the district attorney had
no authority to file an information, and the judgment in the
case tried is void.   (Citing *People v. Schmidt*, 64 Cal. 260.)

Section 1117 provides that: "If the jury is discharged because
the facts as charged do not constitute an offense punishable by
law, the court must order that the defendant, if in custody, be
discharged, . . . . unless in its opinion a new indictment or
information can be framed, upon which the defendant can be
legally convicted, in which case it may direct the district attor-
ney to file a new information," etc.   In *People v. Allen*, 61 Cal.
140, it was held that under section 1165 of the Penal Code a
new and proper information could be filed without the order of
the court.   In this latter section it is provided that, "where there
has been an acquittal because of a variance between the pleading
and proof, which may be obviated by a new indictment or infor-
mation, the court may order the detention of the defendant, to
the end that a new indictment or information may be preferred,
in the same manner and with like effect as provided in section
1117." I see no reason why, under this section 1117, the dis-
trict attorney may not, without the order of the court, file a
new information.   It is not mandatory upon the court under
either section to direct the district attorney in the matter, nor
is the power to cause a new information to be filed exclusive in
the court.

5. It is claimed that under section 1008 of the Penal Code the
prosecution is barred, because the court did not direct a new in-
formation to be filed.

In *People v. Jordan*, 63 Cal. 219, it was said by this court:
"The legislature seem, in the section referred to, to have made a
second prosecution, in case of demurrer sustained, depend upon
the judicial opinion of the court that the objection raised by the
demurrer may be avoided on a new information; and in the
absence of such opinion the prosecution for that offense is at an
end."

It is claimed by the attorney general that the statement made by the district attorney when he made his motion to dismiss the information, to the effect that a new information would have to be filed, followed by the order of the court granting the motion, was equivalent to an order by the court to file a new information. I think some more definite direction by the court is contemplated than appears here; but the question does not, in my opinion, necessarily arise, for the reason that no demurrer to the information appears to have been filed. It is by the terms of the statute in the case of demurrer allowed that the judgment becomes a bar unless the court directs a new information to be filed. The section does not apply to a case where no demurrer is interposed, or, if interposed, is disallowed. This clearly appears from preceding and subsequent sections of the same chapter.

Whether defendant is in a position to avail himself of this section, even if it could be invoked, may admit of question, inasmuch as the only pleas made by him were not guilty, former acquittal, and once in jeopardy. (*People v. Whelan*, 117 Cal. 559.)

The point need not be decided, however, as defendant has not shown that section 1008 is applicable to the case.

6. Defendant claims that it was error for the court to instruct the jury to find for the people upon the pleas of jeopardy and former acquittal. The ground of this objection is that the court invaded the prerogative of the jury; that the truth of the plea of former acquittal or jeopardy raises an issue of fact for the jury to determine, and that its judgment cannot be commanded by the court. (Citing Pen. Code, sec. 1118; *People v. Roberts*, 114 Cal. 67, and other cases.) It was held in this case, construing section 1118 of the Penal Code, that the court could not summarily direct the jury to find a verdict of not guilty. It is true, also, as a general proposition, that questions of fact are exclusively with the jury, and that jeopardy is a question of fact; but where, as here, the information failed to charge any offense, it was not error to charge the jury "that the plea of once in jeopardy is not sustained by the evidence, and your verdict on that issue will be 'for the people,'" and so as to the issue of former acquittal. (*People v. Varnum*, 53 Cal. 630; *People v. Helbing*, 61 Cal. 620; *People v. Clark*, 67 Cal. 99.)

The essential fact (the allegation of ownership of the property), the omission of which rendered the first information invalid, raised a question of law as to the effect of which the jury were not competent to judge. The omission was patent and was not disputed, and the only question was whether, upon this state of fact, the defendant had been in jeopardy. I do not think it was an invasion of the province of the jury for the court to instruct as it did. (*State v. Pritchard*, 16 Nev. 101.) I find nothing in the cases cited by defendant inconsistent with the foregoing conclusion. They are *McCullough v. State* (Texas Crim. App. 1896), 34 S. W. Rep. 753; *Holliday v. Jones*, 59 Mo. 482; *People v. Kerm*, 8 Utah, 268.

7. Error is claimed in refusing defendant's instructions Nos. 17, 19, 25, 26, and 27. No grounds of defendant's objections are stated in his brief. I find that Nos. 17 and 19 were in fact given as requested. Instructions Nos. 25, 26, and 27 related to jeopardy, and were properly refused, inasmuch as the court properly instructed the jury to find for the people on this issue.

8. Error is claimed arising from modification of certain of defendant's instructions, to wit, Nos. 4, 5, 8, and 10.

Instruction No. 4 was upon the question of reasonable doubt, which as given clearly stated the law. The court struck out the clause giving the defendant the benefit of any doubt created by argument of counsel. It must be obvious that a court cannot submit a case to the jury upon the relative strength of the argument of the respective counsel. The concluding paragraph of the instruction was stricken out very properly because it added nothing to the value of the rule of reasonable doubt, but, as expressed, rendered the rule itself doubtful of comprehension.

Instruction No. 5 was shorn of its concluding paragraphs, properly I think. The object of the instruction was to state where the burden of proof rested, and was well stated. The paragraphs stricken out were counsel's idea of the meaning of a verdict of not guilty, and were calculated rather to confuse the minds of the jury than aid them in a solution of the evidence.

Instruction No. 8 was cut down somewhat, but I fail to see wherein it fell short, as given, of being a satisfactory statement of what is meant by reasonable doubt, which was the intention of the instruction. Besides, the court gave defendant's instruction No. 6 upon the same subject, which was very full.

From the tenth instruction was stricken out the words quoted as follows: "You may believe as men that certain facts exist," but as jurors you must act only upon evidence introduced, etc. This was not error. It would result in the confusion of the mind of a juror if told that he must not allow his judgment as a man to be mixed up with his judgment as a juror. The duties of a juror in no manner transform him. It is upon the theory that he continues to be a man, though a juror, that he is rendered capable of considering evidence.

9. The remaining error claimed in defendant's brief is that the court allowed the witness, George Hall, to relate a conversation said to have occurred between the defendant and the district attorney in the latter's office shortly after the arrest of defendant and before his examination upon the complaint filed against him in the justice's court. When Hall came in he found the accused, the district attorney, and the arresting officer, Peerman, in the room. He took down the statement in shorthand and afterward transcribed his notes and read this transcription as the statement of the accused. Counsel for defendant denounce this proceeding with great vehemence. The introduction of the statement was objected to as incompetent, irrelevant, and immaterial, and that the proper foundation was not laid for such testimony. Before the witness testified as to any statements made in his presence he was asked: "Q. I will ask you if there was any inducements held out on the part of the district attorney, or any present, any threats or menace used by the district attorney to coerce the defendant into making this statement?" To which he answered: "A. I can only answer by saying, none other than the statement shows." The statement comprises fifty pages of the transcript and consists of a very rigid examination of the accused by the district attorney.

The following questions and answers will show whatever of inducements were held out or threats made to the accused: "Q. You saw Johnson Monday night in a saloon down here, didn't you? A. Yes, sir. Q. You and Johnson had a little trouble, didn't you? A. Not much, a little spat, that's all." This was just before the alleged robbery of Johnson and on the same day. He is then asked about the quarrel, about throwing dice and drinking beer, where he left Johnson that night, what time it was, what

time he went home, and like questions. He is next examined as to his coming to town the following morning. "Q. You had money then? A. Yes, sir. Q. How much? A. I should judge about twenty-eight dollars. Q. That was on Tuesday morning last. You had twenty-eight dollars? A. Yes, sir. Q. Where did you get the money? A. Well, I got it. Q. Where? A. I didn't steal it from this man. Q. Where did you get it? A. ·Well, I would rather see a lawyer before I say anything further. Q. You don't want to answer that question? A. No, sir. Q. Did you have any money the day before? A. Well, it is immaterial. I don't answer that question either. Q. Did you have it on Sunday, the day before, Sunday, the 14th? A. Well, I aint a-going to answer that question, I would rather not answer any more questions. I would rather see a lawyer. Q. If you can explain where you got that money there may not be any necessity for going on with this case, if you would explain. If you came by it honestly, I should think you would explain it. A. Well, I can explain it, but the devil of it is, I can't prove it. Q. Well, what is your explanation of it. A. Well, I found it. Q. Where? A. When I was going home that night. Q. After you left Johnson? A. Yes, sir. Q. Where did you find it? A. Well, it is between here and Mr. Brown's. It was in an old sock. When I was going up I stepped on it, and I heard something, and I picked it up. I guess the old sock is down there at Brown's yet." He is further questioned as to this find and kind of money, etc.

The accused testified in his own behalf. As to the statement he said: "Well, that statement is not true; I made that under the expectation of getting turned loose. The district attorney told me that if I would explain myself there wouldn't be nothing further said about it, or done about it, and so I tried to explain in a plausible way where I got the money. Of course I didn't think he would use it against me, or anything like that. I thought that he just wanted me to enlighten him, and I thought that probably that was the best way to do it, so I told him that statement. In fact, any way, I did have money in a sock." His story told on the witness stand about meeting Johnson and parting with him and going home Monday night is entirely different from the story narrated in the statement made to the district attorney.

Conceding that defendant's objection to the statement was sufficient to raise the question of its admissibility, we are to consider whether it was error to allow it to go to the jury.

If this statement is to be regarded in the light of a "confession," it is brought dangerously near, if it does not overstep, the border line of involuntary admissions made upon inducement sufficient to render them inadmissible. But was the statement a confession? A confession is a person's declaration of his agency or participation in a crime. The term is restricted to acknowledgments of guilt. (*People v. Strong,* 30 Cal. 151; *People v. Parton,* 49 Cal. 632; *People v. Le Roy,* 65 Cal. 613; 1 Greenleaf on Evidence, sec. 170.) In this statement defendant made no confession; he denied having stolen the money from Johnson, and accounted for its possession by clamiing to have found it.

It is true that he admitted the truth of matters which, while they did not in themselves involve his guilt, did, when connected with other facts, tend to prove it. But proof of such admissions is competent, without the preliminary proof. (*People v. Parton, supra; People v. Le Roy, supra.*)

That the witness, Hall, was permitted to read his transcription of the statement, taken down by him in shorthand, was not error. He had a right to refer to this to refresh his memory. (*People v. Cotta,* 49 Cal. 166; *People v. Le Roy, supra.*)

It is not urged by counsel that the evidence does not warrant the verdict of guilty, except as to plea of jeopardy. The evidence fully justified the verdict. It is recommended that the judgment of conviction and order denying the motion for a new trial be affirmed.

Belcher, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment of conviction and order denying the motion for a new trial are affirmed.

McFarland, J., Henshaw, J., Temple, J.

Hearing in Bank denied.