[Crim. No. 46. Second Appellate District.—February 18, 1907.]

THE PEOPLE, Respondent, v. M. WARD, Appellant.

CRIMINAL LAW—OBTAINING MONEY BY FALSE PRETENSES—PROOF OF ONE FALSE PRETENSE SUFFICIENT.—In a prosecution for obtaining money under false pretenses, where several pretenses enter into the transaction, proof of one of them constituting an operative cause is sufficient to support the verdict of conviction. Where the false pretenses made to a firm from whom the money was obtained were that a draft for $5,000 had been mailed to the firm for defendant's credit and that he was employing several men whom the money was needed to pay, it is sufficient to support the verdict that the latter representation was proved, whether the former was sufficiently proved or not.

ID.—PROOF OF FALSE REPRESENTATION AS TO DRAFT—CONDUCT OF DEFENDANT.—In determining whether the false representation as to the draft was proved, the jury was authorized to consider the acts and conduct of the defendant; and the fact that the defendant never called upon the firm after obtaining their money, nor made any inquiry about the $5,000 draft, and three months after the transaction was found seven hundred miles from the scene thereof, in the absence of explanatory circumstances, is convincing evidence that no draft had been ordered, and that none was expected.

ID.—SIMILAR FALSE STATEMENTS—CORROBORATION OF PROSECUTING WITNESS—SCHEME TO COMMIT CRIME.—Where the defendant denied all the statements of the prosecuting witness, the court properly allowed the testimony of another witness, that on the day of the procurement of the money, and inferentially before it was procured, defendant stated to the witness that he was expecting a draft of $5,000, and also a shipment of tools for men he was employing, which he wished to store with the witness, but which were not received, as being corroborative of the testimony of the prosecuting witness, and as being material and cogent evidence of a scheme of defendant to commit the subsequent crime.

ID.—INDEPENDENT STATEMENTS INCONSISTENT WITH DEFENDANT'S CLAIM—PRELIMINARY PROOF NOT REQUIRED.—Independent statements of the defendant, which are inconsistent with the defendant's claim and not amounting to a confession, may be proved against him as an admission, without the requirement of preliminary proof.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order denying a new trial. Felix W. Ewing, Judge.

The facts are stated in the opinion of the court.

Shepherd & Barnes, for Appellant.

U. S. Webb, Attorney General, and E. E. Selph, Deputy Attorney General, for Respondent.

ALLEN, P. J.—The defendant was charged in the superior court of Ventura county with obtaining money under false pretenses and convicted. He appeals from the judgment and an order denying a new trial.

The information alleged that defendant falsely, etc., represented to Collins & Sons, a firm doing business at Ventura, that there had been mailed to said firm a draft for $5,000 to the credit of defendant, which would be received by said firm within a day or two; and further, that defendant had in his employ in said county several men and he desired an advance of $100 with which to pay said men; that thereby Collins & Sons were induced to deliver to said defendant $100; that all of said representations were false and were made knowingly and designedly for the purpose of defrauding said firm. The information is sufficient; nor is the same challenged by appellant.

The chief contention of defendant is, that there is no evidence that he had not ordered such draft sent, and the other representations so made are not sufficient to support the charge. That the representations were made is not controverted. It was competent for the jury in determining the truth or falsity of such representations to take into consideration the acts and conduct of the parties. That is permissible in determining the falsity of any pretense. (*People* v. *Wasservogle,* 77 Cal. 174, [19 Pac. 270].) The fact that defendant never called upon Collins & Sons after the transaction, nor made inquiry about the draft, involving, as it did, a large sum of money, but left the county and was found three months thereafter several hundred miles from the scene of the transaction, in the absence of any explanatory circumstances, is convincing evidence that no draft had been ordered, nor was one expected. In addition to this there was evidence warranting the jury in determining that the statement that defendant had several men in his employ in the county, for the payment of whose wages the money was demanded, was false and that such representation was an inducement for the advance. Where several false pretenses enter into the transac-

tion, proof of any one thereof constituting an cperative cause is sufficient to support the verdict. It is obvious that such representation in relation to the employment of men in the vicinity was a representation as to an existing fact, and, if believed, tended to establish a credit and standing for the employer, and the effect of which would be to influence one desirous of aiding local enterprises in making such advance. The testimony in the record sufficiently proved the *corpus delicti.*

It is further insisted by defendant that the evidence of one Barnes, admitted under objection, was incompetent and an attempt to show that defendant had been guilty of another offense than the one with which he stood charged. This evidence was to the effect that on the day of the procurement of the money from Collins & Sons, though not in their presence, but about the same time and at the same town, defendant represented to Barnes that he was expecting a shipment of tools for use in development work in the Matilija and solicited from Barnes storage room therefor, and, in addition, represented that he was expecting a draft that afternoon for $5,000; that these tools never arrived to the witness' knowledge. It will be observed that nothing in Barnes' testimony tended to show another or distinct offense, and we are not confronted with the question as to the admissibility of evidence in relation to another offense; but even in such case, "whenever the case is such that proof of one crime tends to prove any fact material in the trial of another, such proof is admissible, and the fact that it may tend to prejudice the defendant in the minds of the jurors is no ground for its exclusion." (*People* v. *Walters,* 98 Cal. 141, [32 Pac. 864].) In the case under consideration it was material for the jury to determine whether the representations made to Collins, as testified to by him, were actually made. Representations of similar import made to Barnes about the same time and place tended to corroborate Collins. In addition to this, the defendant by his plea of not guilty denied every material allegation in the information, among which was that he made the representations as to the expectancy of the draft and the employment of men in the Matilija. These representations and statements to Barnes were inconsistent with such denial. "Anything said by a party may be used against him as an admission, provided it exhibits the quality of inconsistency with

the facts now asserted by him in pleadings or in testimony. . . . It is their inconsistency with the party's claim that gives them logical force." (2 Wigmore on Evidence, secs. 1048-1053.) Nor is preliminary proof required to authorize the admission of independent statements of fact not amounting to a confession. (*People* v. *Le Roy*, 65 Cal. 614, [4 Pac. 649].) Were it even material as to the exact time of the representations made to Barnes in relation to those made to Collins, it will be noted that the transaction with Collins took place about noon and defendant's statement to Barnes was that afternoon he was expecting a draft, from which it may be inferred that the statement to Barnes was made before the procurement of the money from Collins, and might well be accepted as proof of a scheme to commit the subsequent crime, and such evidence was cogent and material. (*Blake* v. *Assurance Soc.*, 4 C. P. Div. 94, cited in *Carnell* v. *State*, 85 Md. 1, [36 Atl. 118].) The objections thereto go to its weight, rather than to its admissibility. (*People* v. *Martin*, 102 Cal. 569, [36 Pac. 952].)

We perceive no error in the record, either in the admission of this testimony or otherwise, and the judgment and order appealed from are affirmed.

Shaw, J., and Taggart, J., concurred.