[Crim. No. 680.   First Appellate District.—September 26, 1917.]

## THE PEOPLE, Respondent, v. CHARLES DE ANGELLI, Appellant.

CRIMINAL LAW—MURDER—ABILITY OF DEFENDANT TO TESTIFY WITHOUT INTERPRETER—REPEATED REFERENCES BY DISTRICT ATTORNEY—LACK OF PREJUDICE.—In a prosecution for murder the defendant was not prejudiced by the repeated statements of the district attorney that the defendant was able to testify without an interpreter, where the statements were made in good faith and with a view to induce the court to change its ruling on the subject.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—REVIEW ON APPEAL—OBJECTION IN TRIAL COURT ESSENTIAL.—Alleged acts of misconduct on the part of the prosecuting officer will not be considered on appeal where no objection thereto was made in the trial court.

ID.—EVIDENCE—CROSS-EXAMINATION OF DEFENDANT — CONSULTATION OF MEMORANDUM OF PRIOR CONVERSATION—RIGHT OF DISTRICT ATTORNEY.—In such a prosecution, permission given the prosecuting officer to consult a memorandum of a conversation between himself and defendant, while cross-examining the defendant, was not error, where the same consisted merely of notes made by such officer of a prior conversation with defendant relating to minor details of the case, and in no sense constituting a deposition or confession.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Albert C. Agnew, John H. Tolan, and Henry C. Reynolds, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

KERRIGAN, J.—The defendant was charged by information with the crime of murder, it being alleged that on August 20, 1916, in the county of Alameda, he willfully and with malice aforethought killed Stefano Coppi. He was convicted of murder in the second degree and sentenced to life imprisonment. He appeals from said judgment and from an order denying his motion for a new trial.

The evidence is amply sufficient to support the verdict of the jury.

As to certain acts on the part of the prosecuting officer, claimed by appellant to constitute misconduct, it is true that the former repeatedly during the examination of the defendant stated that the latter was able to testify without the aid of an interpreter, but we are unable to understand how the defendant was prejudiced thereby. From the record it appears that such assertions were not without cause, and they were made with a view to inducing the court to change its ruling that the testimony of the defendant should be given through an interpreter. It may also be said in this connection that if these repeated statements of the representative of the people were made without sufficient cause and with an improper motive, this was doubtless apparent to the jury, and would operate rather to the benefit of the defendant than to his prejudice. Moreover, with reference to the several instances now claimed to constitute misconduct on the part of the prosecuting officer, even if they could be regarded as such, no assignment thereof was made during the trial nor any request made for an admonition to the jury with relation thereto; consequently the objection here made for the first time cannot be considered. (*People* v. *Metzler*, 21 Cal. App. 80, [130 Pac. 1192].)

During the direct examination of the defendant, and in order to clear up some doubts concerning certain circumstances of his early history, the court asked him several questions. Thereafter the district attorney was permitted over objection to cross-examine the defendant concerning the matters therein referred to. It is now claimed that this cross-

examination trespassed beyond the scope of the direct examination. We find nothing to criticise in the questions asked by the court. As before stated, they were asked in order to make clear matters elicited by the defendant's counsel; and in any event the state would have a right to cross-examine the defendant on all matters brought out by the court through questions to which no objection was made and which may be regarded as having been tacitly consented to by the defendant.

It is also claimed that the court erred in permitting the prosecuting officer to consult a memorandum of a conversation between himself and the defendant while cross-examining the latter. The objection and argument here seem to be based upon the assumption that the memorandum constituted a deposition or confession; and the contention is that if it was the former, the defendant was entitled to an inspection thereof before he could be examined concerning it; or if the latter, that there should have been a showing made that it was given freely and voluntarily and not under the incitement of fear or hope of reward. But the memorandum was neither a deposition nor confession. It consisted merely of notes made by such officer of a prior conversation had with the defendant in relation to minor details of the case. In no sense did it purport to be an acknowledgment of guilt; in fact, the statements therein recorded barely came within the category of admissions. The word "confession" is not the mere equivalent of the word "statement" or "declaration." (*People* v. *Strong*, 30 Cal. 158.) The term is restricted to acknowledgments of guilt. (*People* v. *Parton*, 49 Cal. 637; *People* v. *Velarde*, 59 Cal. 461.) It does not include statements not amounting to a confession of guilt, or admissions of fact that may tend to show guilt as in a confession. (*People* v. *Hickman*, 113 Cal. 86, [45 Pac. 175].) The rule that confessions must be voluntary is limited to confessions of guilt, and has no application to admissions of fact which merely tend to show guilt. (*People* v. *Parton, supra; People* v. *Velarde, supra.*)

The judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.