[Crim. No. 917.  Second Appellate District, Division Two.—February 15, 1923.]

## THE PEOPLE, Respondent, v. AUGUSTINE HERRERA, Appellant.

[1] CRIMINAL LAW—RAPE—EVIDENCE—STATEMENT OF DEFENDANT AS TO INTOXICATED CONDITION—ADMISSION.—In a prosecution for rape, the statement of the defendant that upon the morning of the day on which the offense was committed he was so drunk that it would have been possible for him to have killed a man and not remember it was not a confession but an admission, and it was therefore unnecessary for the prosecution to have laid any foundation for its admission in evidence.

[2] ID.—STATEMENT NOT INVOLVING CRIMINAL INTENT—ADMISSION. When the statement of a guilty conduct is such that it does not involve a criminal intent, or where it constitutes facts amount-

ing to justification or excuse for the defendant's acts, it is an admission rather than a confession.

[3] ID.—RAPE—EVIDENCE—CROSS-EXAMINATION OF PROSECUTRIX—INTOXICATED CONDITION OF PARTIES PRESENT.—In a prosecution for rape, it was not error to sustain an objection to the question asked the prosecutrix on cross-examination if all of those present at her parent's house on the morning of the commission of the offense were not drinking pretty heavily, where she had given no testimony upon such matter upon direct examination.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

Emmons & Aldrich for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

CRAIG, J.—Defendant Herrera was convicted of rape upon one Victoria Gomez, a girl of fourteen years.

[1] The first ground of the appeal is that the defendant was not permitted to show, prior to it having been offered in evidence, that an alleged confession was secured under such circumstances as to make it involuntary. The statement related by a witness as made by the defendant was not a confession, but an admission, therefore it was unnecessary for the prosecution to have laid any foundation for its admission.

The gist of the statement which the witness testified defendant made was that upon the morning of the day on which the offense was committed he was so drunk that it would have been possible for him to have killed a man and not remember it. This does not amount to a confession. [2] When the statement of guilty conduct is such that it does not involve a criminal intent, or where it constitutes facts amounting to justification or excuse for the defendant's acts, it is an admission rather than a confession. (*People* v. *Weston*, 169 Cal. 393 [146 Pac. 871]; *People* v. *Fowler*, 178 Cal. 657 [174 Pac. 892]; *People* v. *Wilkins*, 158 Cal. 530 [111 Pac. 612]; *People* v. *Le Roy*, 65 Cal. 613 [4 Pac. 649].) The statement attributed to Hererra does not involve a criminal intent.

[3] The second ground upon which defendant urges his appeal is alleged error on the part of the trial court in sustaining objections to questions put by defendant's counsel in cross-examining Victoria Gomez, the complaining witness, and Frank Castillo. The first-named witness was asked if all of those present at her parents' house on the morning of the commission of the offense were not drinking pretty heavily. She had given no testimony upon this matter upon direct examination, besides the question called for a conclusion of the witness. The question put to Castillo, to which it is claimed an objection was sustained, was one asking the witness if he had been "drinking any at all." The witness answered "No." After this response had been made counsel for the people interposed an objection and the court said: "I think I will sustain the objection. He said 'No,' however." By this statement the objection was not sustained. The judge may have thought he would sustain it, but evidently came to a different decision before ruling, and permitted the answer "No" to remain before the jury. Even if, however, the court's remark were to be construed as a ruling adverse to appellant, the ruling was harmless because of the fact that the witness had answered "No." Complaint is made that objection was improperly sustained to another question of the same character as the one last considered. Castillo was asked, "Were you drinking over in Kern?" to which he answered, "No, sir." The people again objected, but an examination of the record shows that the court made no ruling.

We find no prejudicial error, and the evidence amply sustains the verdict of guilty.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 16, 1923.

All the Justices concurred.