[Crim. No. 2272. First Dist., Div. Two. Jan. 28, 1944.]

THE PEOPLE, Respondent, v. JOHN WAGNER, Appellant.

Joseph A. Murphy for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Defendant was charged in two separate informations with a violation of section 702 of the Welfare and Institutions Code in relation to two boys aged fifteen and sixteen. By consent the two actions were consolidated for trial to a jury and in both cases a verdict of guilty was returned. Motions for a new trial were denied and the defendant has appealed from the judgments. Though separate clerk's transcripts have been filed, numbered 2272 and 2273 both cases have been briefed and argued as one, and the evidence and rulings are all treated as applicable equally to both cases. Technically our opinion will apply to case number 2272 but it will cover the judgment in case number 2273 as well. The basis of the charge in each case is that defendant took the two boys on separate occasions to an auto court in Marin County where they stayed over night and where defendant induced the boys to drink intoxicating liquor and endeavored to commit with them certain immoral acts.

The two boys were students in the Piedmont High School in Oakland. The defendant was a frequent visitor at the school and showed an interest in the boys during their par-

ticipation in school athletics. He was a member and frequent visitor of the Athens Athletic Club in Oakland and the San Francisco Yacht Club at Belvedere, Marin County. He helped organize, or was interested in, a group of boys known as the "Sea Scouts," of which the complaining witnesses were both members, and had formed the practice of taking members of the group individually to Marin County for participation in boating and rowing. Each of the boys testified that on specified dates the defendant drove them to Marin County where he had engaged accommodations at an auto court for the night, that he served them with drinks of intoxicating liquor, and that while they occupied the same bed the immoral practices were carried on. Prior to his trial the defendant admitted to the district attorney that he had frequently given intoxicating liquor to boys who were minors, but denied commission of the acts charged in the information. The district attorney testified to this conversation, and this is assigned as one of the errors of the trial. Assignment of two other errors is made—the insufficiency of the evidence, and the misconduct of the district attorney.

On the question of the sufficiency of the evidence no extended argument is necessary. The appellant does not contend that the evidence of the two boys is not sufficient to sustain the verdicts. His contention is that both were contradicted as to the respective dates when the offenses were alleged to have been committed. Testimony was offered by appellant, including records of the Athens Club and of the Yacht Club, tending to impeach that of the two boys relating to the dates when they were in the company of appellant. In rebuttal the State offered evidence from which the jury could have inferred that the records of the Yacht Club had been altered for appellant's benefit. It also fully discredited the testimony of appellant's witnesses. We have therefore nothing more than the ordinary conflict between the stories of the respective witnesses. The jury elected to give credit to those called by the State, and that ends the controversy so far as this appeal is concerned. (2 Cal.Jur. 921.)

The assignment of error relating to the admission of the testimony of the district attorney is based upon the claim that he was permitted to testify to a "confession," and that the proper foundation for such testimony had not been laid. In his conversation with the district attorney the appellant

steadfastly denied commission of the immoral acts charged, but admitted he had given the boys intoxicating liquor on numerous occasions. He went to the district attorney voluntarily on the day following his arrest, for what purpose is not disclosed. But it does appear that he requested the district attorney to act as his attorney.

The point is languidly briefed by both parties. The appellant cites no authorities in support of his argument, while this argument is mainly a general discussion of the convincing weight of the testimony because of the reputation and official position of the witness, rather than a discussion of its admissibility. The respondent relies upon *People* v. *Ammerman,* 118 Cal. 23 [50 P. 15], and *People* v. *Stokes,* 5 Cal. App. 205 [89 P. 997], both to the general purport that statements of an accused which do not involve guilt are treated as admissions and do not require the preliminary proof necessary for the admission of a confession. The real question involved here is whether when several acts are charged as constituting one crime—here the contributing to the delinquency of a minor—the statement of the accused admitting the commission of some of the acts on other occasions, and in relation to persons other than those for which he is on trial, but denying commission of the acts as charged, is to be treated as a confession of guilt or as an admission of the facts related. The question is answered by the rule stated in *People* v. *Velarde,* 59 Cal. 457, 461, where the court says: ''Speaking of confessions, the Court in *The People* v. *Parton,* 49 Cal. 637, 638, says: . . . 'A confession is a person's declaration of his agency or participation in a crime. The term is restricted to acknowledgments of guilt. An admission of a fact, not in itself involving criminal intent, is not to be rejected as evidence (without the preliminary proof) merely because it may, when connected with other facts, tend to establish guilt.' And in *The People* v. *Strong,* 30 Cal. 157, it is said that 'a confession, in criminal law, is the voluntary declaration made by a person who has committed a crime or misdemeanor to another, of the agency or participation he had in the same.' '' And in *People* v. *Herrera,* 61 Cal.App. 13, 14 [214 P. 254], where the court says: ''When the statement of guilty conduct is such that it does not involve a criminal intent, or where it constitutes facts amounting to justification or excuse for the defendant's acts, it is an admission rather than a confession. (*People* v. *Weston,* 169 Cal. 393 [146 P. 871]; *People*

v. *Fowler*, 178 Cal. 657 [174 P. 892]; *People* v. *Wilkins*, 158 Cal. 530 [111 P. 612]; *People* v. *LeRoy*, 65 Cal. 613 [4 P. 649].) The statement attributed to Hererra does not involve a criminal intent.'' (See, also, *People* v. *Chan Chaun*, 41 Cal.App.2d 586, 593 [107 P.2d 455]. See 20 Am.Jur. 472.)

Here the appellant admitted generally that he had given a number of boys intoxicating liquors to drink. He did not admit the charges found in the informations but specifically denied them, and, when informed that it was contrary to the Welfare and Institutions Code to give intoxicating liquor to boys of that age, answered: ''I never thought of that.'' Hence the statements made to the district attorney were not a confession of guilt of any of the crimes charged in the informations, and the preliminary proof necessary for the admission of a confession was not required.

█ The appellant assigns as misconduct two instances occurring in the closing argument of the district attorney. Without saying that either was unjustified or prejudicial, it is sufficient to state that the question is not properly raised here as appellant did not object to the remarks in a manner calling for a ruling and did not ask for an instruction. (*People* v. *Hanks*, 35 Cal.App.2d 290, 301 [96 P.2d 478].)

The judgment and the order are affirmed.

Sturtevant, J., and Spence, J., concurred.