## THE PEOPLE *v.* HOY YEN.

STATEMENT OF PRISONER, AS EVIDENCE AGAINST HIM, WHEN NOT VOLUNTARILY MADE.—Where a prisoner, accused of robbery of certain money, promised to point out the place where the money was buried, and afterward pointed out a place at which, it was proved by other witnesses, the stolen money was found : *held,* that such statement, when taken in connection with said fact and proof, was admissible in evidence against him, although not voluntarily made.

IDEM.—But when, in such case, in connection with such promise, the prisoner further stated, " I buried the money there :" *held,* that this was inadmissible as evidence against him.

STRIKING OUT EVIDENCE.— Where, on a criminal trial, improper evidence had been admitted against the defendant, under his objections and exception, and afterwards, on motion of his counsel, the Court struck it out, and gave to the jury a pointed instruction, prepared by and given at the request of said counsel, guarding them against giving the excluded evidence any consideration or weight : *held,* that the error was cured.

APPEAL from the County Court, Placer County.

On the trial of the defendant, who had been indicted for the crime of grand larceny, alleged in the indictment to have been committed by feloniously stealing certain money of one Ah Mung, the District Attorney called Ah Mung as a witness for the people, who testified, among other things, that on the day succeeding the day of the defendant's arrest, the defendant was taken by the Sheriff, who had him in custody, into a meeting of Chinese merchants at Auburn, held in a brick store, when and where one of said merchants said to defendant, " Hoy Yen, if you will go and show us the money, we will let you go clear." The witness was then asked by the District Attorney, what Hoy Yen replied. The question was objected to by defendant's counsel, on the ground that any statement that might have been made by defendant in reply, was under the inducement of a promise of favor, and therefore incompetent as evidence against him, which objection was overruled by the Court, and the defendant, by his counsel, duly excepted. The witness then answered, " Hoy Yen said, ' I will go with you to-morrow and get the money ; it is at Pine Grove ; I buried it in the ground there.' " It appeared also in evidence, that on the

day following, the defendant pointed. out to the officer hav-
ing him in charge a portion of the stolen money, at a place
near Pine Grove.   This latter fact was proffered in proof by
the District Attorney, at the time of asking the foregoing
question.   After the order of Court striking out the evi-
dence, and before the close of the trial, the defendant, by his
counsel, moved the Court to discharge the jury and order a
new trial, on the ground that said excluded evidence, by
reason of its presentation to and consideration by the jury,
before the order of the Court for its exclusion, and from its
peculiar tendency, must have biassed the jury to the prejudice
of defendant.   The motion was denied, and the defendant
duly excepted.   The defendant appealed.

The other facts are sufficiently stated in the opinion of the
Court.

*H. H. Fellows,* for Appellant.

*J. G. McCullough, Attorney-General,* for the People.


By the Court, SAWYER, J. :

The statement of the prisoner that he would point out the
place where the money was buried, in connection with the
fact that he did, in pursuance of this promise, afterward
point out the place, and the fact proved by other witnesses,
that the stolen money was found buried at the place indi-
cated, was admissible in evidence, although the promise to
point out the place was not voluntarily made.   (1 Greenl.
Ev. 231.)   The statement, " I buried it in the ground there,"
was inadmissible, it being a part of an involuntary admis-
sion.   But the Court struck it out on motion of defendant's
counsel, and afterward, by a very full and pointed instruc-
tion drawn by defendant's counsel, and given at his request,
fully guarded the jury against considering, or giving any

23

weight to the statement so excluded. We think the record presents nothing of which defendant can justly complain.
Judgment affirmed.

Mr. Justice RHODES expressed no opinion.