[No. 10,533.—Department One.]

## PEOPLE v. J. P. JENKINS.

CRIMINAL LAW—CONTINUANCE—AFFIDAVIT.
ID.—CROSS-EXAMINATION—EVIDENCE.
ID.—AMENDMENT OF VERDICT.—It is the duty of a Court to look after the form and substance of a verdict, so as to prevent a doubtful or insufficient finding from passing into the records of the Court, and for that purpose the Court can, at any time while the jury is before it, and under its control, see that the verdict is amended in form so as to meet the requirements of the law.

APPEAL from a judgment of a conviction, and from an order denying a new trial, in the Superior Court of the County of San Luis Obispo. McMURTRY, J.

*W. H. Spencer*, and *J. M. Wilcoxon*, for Appellant.

*The Attorney-General*, for Respondent.

McKEE, J.:

Defendant was convicted of the offense of altering marks and brands, and appeals from the judgment and an order denying his motion for a new trial.

He assigns as errors, that the Court erred in refusing to post-pone the trial of the cause; in overruling objections to a question propounded to a witness in cross-examination in the course of the trial; in giving an instruction to the jury after they had retired for deliberation, without any report of a disagreement between them as to facts, or any request for additional instruc-tions as to law; and in denying defendant's motion for a new trial.

1. The affidavit for a postponement of the trial was insuffic-ient. It showed that there were two persons without whose testimony the defendant alleges he could not go safely to trial, one of whom permanently resided at the place of the trial, and the other in an adjoining county; but it did not show due dili-gence in endeavoring to procure the attendance of either, for the resident at the place of trial, it was stated, left for San Francisco on the 23rd of May, 1880, and a subpœna was not issued for him until the day after he had gone; and no steps whatever appear to have been taken to obtain the attendance of the others. The affidavit showed, also, that the defendant expected to prove by those persons certain facts which, it was stated, could not be proved by any other person, " except as herein otherwise stated"; but there is nothing set forth in the affidavit as an exception. Besides, the affidavit itself was not made by the defendant; it was made on his behalf by his attor-ney. An attorney cannot, in the nature of things, be supposed to have cognizance of the witnesses to an alleged criminal trans-action, or of the facts which they can prove in relation to it, except so far as he may have been informed of one or the other by his client. Upon such a subject, affidavits, when required, should be made by the defendant himself, or some one else who has direct knowledge of the facts. But the Court below found from the affidavit itself and a counter-affidavit, both of which were read upon the hearing of the application, that the testi-mony required from the persons named in the affidavit, made on behalf of the defendant, was attainable by two or more wit-nesses who were then in attendance upon the Court. The testi-mony wanted by the defendant was, therefore, merely cumulative, and as that appeared to the satisfaction of the Court, and the affidavit itself did not show that the application for a postpone-

ment was not made for delay, there was no abuse of discretion in denying it. (*People* v. *Thompson*, 4 Cal. 238; *People* v. *Gaunt*, 23 id. 156.)

2. On the cross-examination of a witness, who was the owner of the sheep, the marks and brands on which, it was charged, the defendant had altered, the following question was asked him : " Did not you, at the time you got your sheep out of Mr. See's band, threaten to Mr. Jenkins to institute a civil suit against Mr. Joseph See to recover the sheep or their value, which you claimed you had lost, and tell him if he would stand in with you, and would do the fair thing by you, that you would see him safe, and would stand by him, or words to that effect and import? " Objection was made that the question and evidence were irrelevant and immaterial, and not proper cross-examination. The Court sustained the objection, and the defendant excepted. It is a general rule that a witness cannot be cross-examined, except as to facts and circumstances connected with matters testified to by him on his direct examination ; nor can he be, as to any fact which is collateral and irrelevant to the issues. The bill of exceptions discloses the fact that the witness had testified, in his examination-in-chief, to material facts tending to establish the guilt of the defendant ; but none of the facts and circumstances to which he did testify appear in the record. It does not, therefore, appear that the proposed testimony related in any way to the direct examination of the witness, or referred to any transaction involved in the trial. If it did not, the question was not only improper on cross-examination, but the testimony intended to be elicited by it was irrelevant. The object of asking the question was not stated to the Court. If asked for the purpose of impeaching the witness, by showing that he had made at other times statements inconsistent with his testimony, or which indicated hostility toward the defendant, the statement or declaration should have been related to him, with the circumstances of time, place, and persons present, and he should have been asked if he made such statements, and if so, allowed to explain. (§ 2052, Code Civ. Proc.) As an abstract proposition, the question simply refers to a threat alleged to have been made by the witness to the defendant against a third person, about a transaction which, so

far as appears by the record, has no connection with any matter involved in the trial; and there is nothing in the question to indicate the place where this alleged threat was made, or whether there were any person or persons present when it was made. There was, therefore, no error in sustaining the objection to the question.

3. After the cause had been argued and submitted, and the jury had retired to consider of their verdict, they returned into court, and, by their foreman, handed to the Court an informal verdict, which was entered upon the minutes of the Court. But the Court, seeing that the jury had mistaken an instruction which had been given to them, as to the form of their verdict, again read to them the instruction, and directed them to retire and reconsider their verdict. They did so, and soon after returned into court with a verdict legal in form, which was read and recorded, and the jury, upon being polled, assented to it, and were discharged.

It is the duty of a Court to look after the form and substance of a verdict, so as to prevent a doubtful or insufficient finding from passing into the records of the Court; for that purpose the Court can, at any time while the jury are before it, and under its control, see that it is amended in form so as to meet the requirements of the law. The informality in the case in hand was in a mere matter of form, which the Court of its own motion might have ordered to be corrected, instead of directing the jury to retire for that purpose; but in doing this there was no error.

4. Defendant relied on his motion for a new trial upon no other errors than those which have been presented to this Court on the appeal, and as there was no error in denying the motion for a new trial, the judgment and order must be affirmed.

It is so ordered.

McKinstry, J., and Ross, J., concurred.