[Crim. No. 278.    Department One.—July 12, 1897.]

THE PEOPLE, Respondent, v. DAN WHELAN, APPELLANT.

CRIMINAL LAW — PLEADING — DEMURRER TO INFORMATION — ORDER DIRECTING NEW INFORMATION — INDICTMENT — FORMER ACQUITTAL — JEOPARDY.— Where a demurrer to an information was sustained, and the court, deeming the defects curable, directed a new information to be filed, pursuant to section 1008 of the Penal Code, the procuring of an indictment by the grand jury, instead of filing the new information, is, at most, a mere irregularity, not affecting a substantial right of the defendant; and, where no motion was made to set aside the indictment, but a plea was interposed thereto of a former acquittal, there is no ground for such plea, the facts showing no jeopardy, and not otherwise constituting a bar to the indictment.

ID.— MOTION TO ARREST JUDGMENT — JURISDICTION OF GRAND JURY.— Where it appears that the charge made by the indictment had not been previously investigated by any grand jury, the procuring of the indictment instead of the filing of the new information directed by the court, is not ground for a motion to arrest the judgment, it being within the jurisdiction of the grand jury to take cognizance of the charge without an order of court submitting it to them.

ID.— OBTAINING MONEY UNDER FALSE PRETENSES — CORROBORATION OF PROSECUTING WITNESS.— Where the declarations of the defendant, and other circumstances shown, have a legal tendency to corroborate the testimony of the prosecuting witness, who testified to the charge that the defendant obtained money from him under false pretenses, the strength and credibility of the corroborating evidence is for the jury.

APPEAL from a judgment of the Superior Court of Sonoma County and from orders denying a new trial, and denying a motion in arrest of judgment. ALBERT G. BURNETT, Judge.

The defendant was accused of the crime of obtaining money from Frederick T. Brown under false pretenses. Brown was the only witness who testified directly to the false pretenses. Further facts are stated in the opinion of the court.

*Bartram & Miller*, for Appellant.

*W. F. Fitzgerald*, Attorney General, *Charles F. Jackson*, Deputy Attorney General, and *Emmet Seawell*, District Attorney, for Respondent.

Van Fleet, J.—Defendant was convicted of obtaining money under false pretenses, and appeals from the judgment and from orders denying a new trial and refusing to arrest the judgment.

Defendant demurred to an information filed against him, and the demurrer was sustained, but the court being of the opinion that the defects could be cured, directed that a new information be filed, as provided by section 1008 of the Penal Code. Instead of filing such new information, the district attorney laid the charge before the grand jury and procured an indictment against defendant for the offense.

Conceding, as contended, that this course was not in exact accord with the contemplation of the statute, it was, at most, but a mere irregularity which in no way affected any substantial right of the defendant. Whether he was proceeded against by information or indictment could not be material to him, since both methods are equally competent, and each subserves precisely the same purpose. Defendant did not move to set aside the indictment, and whether, therefore, the irregularity complained of constituted a ground for such motion, under section 995 of the Penal Code, need not be determined. He chose rather to make the objection the basis of a plea of "former acquittal," and, after verdict, a motion in arrest of judgment, on the ground that the grand jury had no jurisdiction to inquire into the offense. Obviously, the facts constituted no proper basis upon which to rest the plea of former acquittal. They did not show jeopardy and were not otherwise a bar, as the statute expressly provides that the allowing of a demurrer is no bar to further prosecution when the court directs a new information to be filed. (Pen. Code, sec. 1008.)

Nor did the facts warrant the arrest of judgment. It was within the jurisdiction of the grand jury to take cognizance of the charge without an order of court submitting it to them. No such order was required, as the

charge had not previously been examined by that or any former grand jury; and a demurrer having been sustained to the information with a direction that a new one be filed, the status of the charge was, in all material respects, the same as though no information had ever been filed.

The indictment sufficiently charged the offense; and we discover no lack in the evidence to sustain the verdict. The declarations of the defendant, and the other circumstances shown, had a legal tendency to corroborate the testimony of the witness Brown, and, if believed, were sufficient to establish defendant's guilt. The strength and credibility of such corroborating evidence was for the jury. (*People* v. *Barker*, 114 Cal. 617.)

Judgment and orders affirmed.

GAROUTTE, J., and HARRISON, J., concurred.

BEATTY, C. J., dissented from the order denying a hearing in Bank.