[Crim. No. 761.   Department One. — November 1, 1901.]

THE PEOPLE, Respondent, v. JAMES D. PRATHER, Appellant.

CRIMINAL LAW — IMPANELMENT OF GRAND JURY — DIFFERENCE IN FORM — SPECIAL VENIRE. — The impanelment of a grand jury from an entire *venire*, consisting of thirty names placed in the box, four of whom were not served by the sheriff, the panel, so far as formed therefrom, being composed of jurors' present and not excused, is purely a difference in form only, from the requirement of the statute that the names of those jurors who were present in court and not excused should be placed in the box; and where there was a failure to secure nineteen grand jurors from the regular *venire*, it was regular for the court to complete the impanelment from a special *venire*.

ID. — PLEADING — DEMURRER SUSTAINED TO INFORMATION — ORDER FOR NEW INFORMATION — INDICTMENT. — Although the court, upon sustaining a demurrer to an information, ordered that another information should be filed, the defendant may nevertheless be presented by indictment for the offense charged in the information without an order of court submitting it to the grand jury.

ID. — INDICTMENT FOR PERJURY UPON TRIAL FOR LARCENY — EVIDENCE
— IMMATERIAL VARIANCE. — The variance is immaterial between an
indictment for perjury, alleged to have been committed upon a trial
for grand larceny, under an information described as charging that
the property stolen in another county was "feloniously" brought
into the county of the venue, and the information placed in evidence,
which omitted the word "feloniously," while in every other par-
ticular the information pleaded and the one proved exactly corre-
sponded. The defendant could not be prejudiced by such variance,
for the reason that the word "feloniously" was not necessary to
the validity of the information.

ID. — EVIDENCE — VERDICT AND JUDGMENT IN LARCENY CASE — CURE OF
ERROR. — Whatever error was committed in receiving in evidence
the verdict and judgment in the larceny case was cured by taking
such evidence away from the jury and instructing them to disregard
it.

ID. — MATERIALITY OF PERJURED TESTIMONY — IDENTIFICATION OF STOLEN
PROPERTY. — The materiality of the alleged perjured testimony, given
upon the trial for larceny, appears from proof that it had a strong
tendency to weaken the evidence going to the point of identification
of the stolen property, which was the vital point in the case.

APPEAL from a judgment of the Superior Court of Sacra-
mento County and from an order denying a new trial. R. C.
Rust, Judge presiding.

The facts are stated in the opinion of the court.

J. Charles Jones, for Appellant.

Tiréy L. Ford, Attorney-General, and A. A. Moore, Jr.,
Deputy Attorney-General, for Respondent.

GAROUTTE, J. — Defendant has been convicted of the
crime of perjury, and appeals from the judgment and from
the order denying his motion for a new trial. He first attacks
the validity of the impanelment of the grand jury which
found the indictment against him.

Among other matters, section 242 of the Code of Civil Pro-
cedure provides: "When, of the persons summoned as grand
jurors, and not excused, nineteen are present, they shall
constitute the grand jury. If more than nineteen of such
persons are present, the clerk shall write their names on
separate ballots, which he must fold so that the names cannot
be seen, place them in a box, and draw out nineteen of them,

and the persons whose names are on the ballots so drawn shall constitute the grand jury. If less than nineteen of such persons are present, the panel may be filled as provided in section 226 of this code." In this case the *venire* consisted of thirty, four of these not being served by the sheriff. Instead of strictly following the statute by placing in the box the names of those jurors who were present in court and unexcused, the court proceeded to draw the jury from the entire thirty names placed in the box, and thus impaneled the jury from those present and not excused. The difference in the manner of forming the jury between the course followed and the course prescribed by the statute is purely a difference in form only. (*People* v. *Leonard*, 106 Cal. 317.) Having failed to secure nineteen jurors from the regular *venire*, the court completed the jury from a special *venire*, and the course thus pursued was strictly regular.

The validity of the indictment is assailed in various ways and upon various grounds. The chief objection is based upon the fact that a demurrer was sustained to an information charging the defendant with the crime here charged, and thereupon the court ordered a new information to be filed. In view of this action of the trial court, it is now claimed that the defendant could not thereafter be prosecuted by indictment for the offense charged in the information. The practice here pursued was followed in *People* v. *Whelan*, 117 Cal. 559, and in that case the court said: "Nor did the facts warrant the arrest of judgment. It was within the jurisdiction of the grand jury to take cognizance of the charge without an order of court submitting it to them. No such order was required, as the charge had not previously been examined by that or any former grand jury; and a demurrer having been sustained to the information, with a direction that a new one be filed, the *status* of the charge was, in all material respects, the same as though no information had ever been filed." The law as here enunciated is entirely satisfactory to the court.

It is next claimed that error was committed in admitting in evidence the information in the case of *People* v. *Prather*, *ante*, p. 386. Defendant is charged with having committed perjury by giving false testimony in the above-entitled case. The objection to the admission of the aforesaid information

in evidence is based upon a claim of variance, the present indictment alleging that the information charged Davis and Prather with having *feloniously* brought certain sacks of buckwheat into the county of Sacramento, while the information offered in evidence does not contain the word "feloniously." In *People* v. *Prather, ante,* p. 386, it was held that the word "feloniously" was not necessary to the validity of the information in that case. In every other particular the information set out in this indictment corresponds to the information offered in evidence. The identity of the two as being the same instrument is absolute, and for this reason the variance in the respect noted, viewed from every standpoint, is wholly immaterial, and therefore unprejudicial to defendant. Whatever error may have occurred in the admission in evidence of the verdict and judgment in the larceny case was cured by the subsequent action of the trial court in taking that evidence away from the jury. At that time the court instructed the jury specially not to consider the evidence so taken from them, and it will be presumed that the jury obeyed that instruction. In certain exceptional cases the action of a court in withdrawing evidence from the jury, which it deems erroneously admitted, may not be held to cure the error committed in its admission, but under any ordinary circumstances the court should be allowed to correct an error of this kind, and it could be done under the present circumstances.

It is next claimed that the evidence does not show that the alleged perjured testimony was material to the issue upon the trial of the larceny charge. In that case the defendants were charged with stealing forty-eight sacks of buckwheat. This defendant then testified that he delivered fifty sacks of buckwheat to his brother (a defendant in the larceny case) about the time the larceny was committed. The purpose of this testimony was to account for the buckwheat which the prosecution claimed was the stolen property. A great portion of the evidence in the larceny case was introduced for the purpose of proving or disproving the testimony of this defendant, that he delivered certain sacks of buckwheat to the brother. It appeared to be the vital point in the case. The identification of the stolen property was claimed by the defense to be insufficiently established, and this evidence of the defendant as to the delivery of

a certain number of sacks of buckwheat to his brother certainly had a strong tendency to weaken the evidence going to the point of identification.

There are a great many objections and exceptions taken to the ruling of the court, arising during the progress of the trial. Indeed, these exceptions almost reach into the hundreds. The court has examined them all with care, and aside from those noticed, it may be said they are too technical and too insubstantial to demand extended consideration.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank, and filed the following opinion on the 29th of November, 1901:—

BEATTY, C. J.—I dissent from the order denying a rehearing. There were, in my opinion, several material and prejudicial errors committed by the superior court in the giving and refusal of instructions to the jury, and particularly in the refusal to instruct the jury that the testimony of the defendant as to selling buckwheat, in 1897, to the Del Monte Milling Company, as charged in the indictment, was wholly immaterial to any issue in the larceny case.