[Crim. No. 260.   First Appellate District.—September 21, 1910.]

THE PEOPLE, Respondent, v. WILLIAM HERGES, Appellant.

CRIMINAL LAW—MURDER—SUPPORT OF VERDICT FOR MANSLAUGHTER—CONCESSION BY DEFENDANT.—Where, under a charge of murder, the verdict was for manslaughter, and the defendant concedes that if his defenses were not believed by the jury, the evidence for the state would justify a verdict for murder, he cannot claim that it was insufficient to support the verdict, since it necessarily follows from such concession that it was not only sufficient, but more than sufficient, to support the verdict for manslaughter.

ID.—ADMISSION OF EVIDENCE OVER OBJECTION—CROSS-EXAMINATION—ORDER STRIKING OUT—INSTRUCTION TO DISREGARD—POSSIBLE ERROR CURED.—Where evidence was admitted over defendant's objection, and after his cross-examination the court struck out the evidence, and instructed the jury to disregard absolutely all evidence admitted and afterward stricken out by the court, any error, if any, committed by the court in regard to such evidence was cured by the subsequent action of the court.

ID.—CROSS-EXAMINATION OF DEFENDANT AS A WITNESS—IMPEACHMENT—PRIOR CONVICTION OF FELONY.—Where the defendant was a voluntary witness in his own behalf, the district attorney may ask him on cross-examination if he had not formerly been convicted of a felony, and when such conviction is admitted, it is proper to be considered by the jury upon the question as to the credibility of defendant as a witness in the case.

ID.—IMPROPER DISCUSSION BY DISTRICT ATTORNEY OF PRIOR CONVICTION—REFERENCE TO DEFENDANT'S REPUTATION FOR PEACE AND QUIET—

14 Cal. App.—18

ACTION OF COURT.—Where the district attorney improperly discussed the prior conviction of defendant in reference to his evidence of reputation for peace and quiet, and upon objection the court ordered him to discontinue such reference, and instructed the jury to disregard what the district attorney had said about the prior conviction of defendant with such reference, the court thereby protected the defendant from injury which might have otherwise resulted from the district attorney's conduct.

ID.—REQUESTED INSTRUCTION AS TO SELF-DEFENSE—PROPER MODIFICATION.—A requested instruction concerning the right of the defendant, under the law of self-defense, to act upon appearances, that is apparent necessity, was properly modified by stating that the apprehension of injury or death must be such as any reasonable man would conceive to be imminent under the circumstances.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Robert Borland, and John Willard, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

HALL, J.—Defendant was charged with the crime of murder and also with having suffered a prior conviction of the crime of burglary.  Upon his arraignment he admitted the charge of prior conviction to be true, and upon trial was found guilty of manslaughter.  This is his appeal from the judgment and order denying his motion for a new trial.

The first point presented in appellant's brief is that the evidence was insufficient to justify the verdict of guilty of manslaughter.  Upon this point appellant states his position as follows: "It is the contention of the appellant that the evidence presented cannot justify the verdict of manslaughter. That upon the evidence produced for the state the defendant should either have been convicted of murder or have been acquitted, and that the defenses of either self-defense or insanity, if believed by the jury, should have produced an acquittal.  If not believed, the verdict should have been murder."  In other words, appellant concedes that the evidence for the prosecution would have justified a verdict of guilty

of murder. If so, it necessarily follows that the same evidence was not only sufficient, but more than sufficient, to support a verdict for manslaughter. (*People* v. *Muhlner*, 115 Cal. 303, [47 Pac. 128].)

The appellant also complains of the action of the court in permitting the introduction of evidence to the effect that decedent, shortly after the injury, stated in the presence of defendant that defendant stabbed him (decedent) without cause, and in refusing to defendant the right to conduct a preliminary examination as to the circumstances under which such statement was made, and the condition of defendant and the circumstances surrounding him when such statement was made. Subsequently, however, after full cross-examination of the witness by defendant, and before the introduction of any testimony for the defense, the court struck out the testimony objected to, and in pointed and explicit terms directed the jury to totally disregard it. The court again, in pointed and explicit terms, in its charge to the jury told them to "absolutely and completely and utterly" ignore and disregard any evidence that may have been admitted and afterward by order of court stricken out.

Under these circumstances any error, if any, committed by the court in admitting the evidence in question, or in ruling on defendant's application to be allowed to cross-examine the witness preliminary to his giving his testimony, was cured by the subsequent action of the court. (*People* v. *Hoy Yen*, 34 Cal. 176; *People* v. *Borda*, 105 Cal. 636, [38 Pac. 1110]; *People* v. *Prather*, 134 Cal. 436, [66 Pac. 589, 863].)

Appellant in his brief makes the point that the court erred in allowing the district attorney to prove, upon cross-examination of defendant, who voluntarily became a witness for himself, that he had been convicted of a felony. This point, however, appellant very properly abandoned at the oral argument. (*People* v. *Soeder*, 150 Cal. 12, [87 Pac. 1016]; Code Civ. Proc., secs. 2051, 2065.)

The very common complaint is made that the district attorney was guilty of misconduct in his argument to the jury in referring to the fact of defendant's previous conviction for a felony. The record discloses that the references to defendant's previous conviction were made by the district attorney in connection with and as a part of his discussion of evidence

that had been given on behalf of defendant as to his general reputation for peace and quietness. Several references of this kind were made without objection, but finally counsel for defendant did object, whereupon the court directed the district attorney to omit such references, and directed the jury to ignore what the district attorney had said with reference to defendant's conviction for felony "in so far as he might have attempted to make that bear on the question of this man's reputation for peace and quiet." The court thus sustained the contention of appellant, and by its instruction to the jury protected defendant from any injury that might otherwise have resulted from the course of the district attorney. The evidence in question was of course proper to be considered by the jury upon the question as to the credibility of defendant as a witness in the case. (*People* v. *Soeder,* 150 Cal. 12, [87 Pac. 1016]; Code Civ. Proc., secs. 2051, 2065.)

The only remaining point arises out of certain modifications that the court made to certain instructions given at the request of the defendant concerning the right of the defendant under the law of self-defense to act upon appearances, that is, apparent necessity. One of the modifications was to the effect simply that the apprehension of injury or death must be such as any reasonable man would conceive to be imminent under the circumstances. This certainly was not erroneous, and is clearly supported by *People* v. *Glover,* 141 Cal. 233, [74 Pac. 745].

The other modification was of similar import. As was said in *People* v. *Glover,* 141 Cal. 233, [74 Pac. 745] : "It was the duty of the court to so formulate the instructions as to obviate any danger of the law being misunderstood, and as clearly as possible inform the jury that, in order to justify the defendant under his plea of self-defense, it must appear not only that defendant actually believed himself in deadly peril, but that as a reasonable man he had sufficient grounds for his belief." This was the effect of the modifications complained of, and the court committed no error in so modifying the instruction. (*People* v. *Glover,* 141 Cal. 233, [74 Pac. 745].)

The judgment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.